UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CHRISTINE E. CUNNINGHAM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br><br>　　　　Defendant. | Case No. 3:10-cv-04313-LB<br><br>**ORDER GRANTING THE PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES**<br><br>[Re: ECF No. 28] |

## INTRODUCTION

In this Social Security appeal, the court previously granted the plaintiff Christine Cunningham's motion for summary judgment and remanded the action to the Social Security Administration for further proceedings. On remand, she was awarded past-due benefits. Her counsel now seeks 25% of those benefits pursuant to 42 U.S.C. § 406(b) and the representation agreement with her. Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and vacates the November 19, 2015 hearing. The court grants the motion.

## STATEMENT

Ms. Cunningham filed this action seeking judicial review of the Commissioner of the Social Security Administration's final decision denying her Social Security Income disability benefits.

ORDER (3:10-cv-04313-LB)

1   (Complaint, ECF No. 1.[1]) On October 3, 2014, the court granted Ms. Cunningham's motion for

2   summary judgment, denied the Commissioner's cross-motion for summary judgment, and

3   remanded the action back to the Social Security Administration for the award of benefits.

4   (10/3/2014 Order, ECF No. 23.) The court issued a judgment to that effect the same day.

5   (10/3/2014 Judgment, ECF No. 24.)

6       On December 15, 2014, Ms. Cunningham and the Commissioner filed a stipulation for the

7   award of $6,750.00 in attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28

8   U.S.C. § 2412(d), and costs in the amount of $350.00. (Stipulation, ECF No. 26.) The court

9   granted the stipulation on December 17, 2014. (12/17/2014 Order, ECF No. 27.)

10      Upon remand, the Commissioner issued an Award Notice to Ms. Cunningham on August 10,

11  2015, and two Notices of Awards on August 30, 2015. (Linden Decl., Ex. 2, ECF No. 28-2.)

12  Among other things, the Commissioner awarded Ms. Cunningham past-due benefits totaling

13  $74,970.00.[2] (*See id.*) Per its usual process, the Commissioner withheld 25% of those past-due

14  benefits, or $18,742.50. (*Id.* at 3, 7, 11.) The amount reflects the representation agreement between

15  Ms. Cunningham and her counsel, the law office of David Linden. (Linden Decl., Ex. 1, ECF No.

16  28-1.) That agreement provides:

> I and my attorneys agree that if it is necessary to appeal my case to federal court, the attorneys' fee for representation before the federal court (or federal courts) is separate from, and **in addition to**, any fee for representation before the agency. The federal court attorneys' fee shall be the **GREATER** of the following: 1) **25 (twenty-five) percent** of the past-due benefits resulting from my claim or claims (which I understand may exceed $700.00 per hour), **OR** 2) Such amount as my attorneys are able to obtain pursuant to the Equal Access to Justice Act (EAJA).

21  (*Id.* at 3.)

22      On September 25, 2015, Ms. Cunningham's attorney from the law office of David Linden filed

23  a motion asking the court to award him $18,742.50 in attorney's fees pursuant to 42 U.S.C. §

24  406(b). (Motion, ECF No. 28.) On October 26, 2015, the undersigned (1) ordered counsel to serve

---

[1] Record citations are to documents in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the tops of the documents.

[2] Counsel stated in his motion that Ms. Cunningham's past-due benefits total $103,874.40, but the Commissioner stated in its response that the amount is actually $74,970.00. (*See* Motion, ECF No. 28 at 3; Response, ECF No. 33 at 2.) It appears that the Commissioner is correct, and in any case, 25% of $74,970.00 is $18,742.50, which is the amount that counsel is seeking.

ORDER (3:10-cv-04313-LB)

2

1  Ms. Cunningham with the motion for attorney's fees and any accompanying declarations, (2)

2  ordered counsel to sufficiently authenticate the exhibits attached to the motion, and (3) asked the

3  Commissioner to file a response. (10/26/2015, Order, ECF No. 31.) On November 2, 2015,

4  counsel served Ms. Cunningham with the motion, accompanying declarations, and the court's

5  October 26, 2015 Order. (Linden Decl., ECF No. 32.) Counsel also submitted a declaration

6  authenticating the exhibits attached to the motion. (Linden Decl., ECF No. 32 at 2-3.)

7  On November 3, 2015, the Commissioner filed a response to the motion indicating that it was

8  not a party to the contingent-fee agreement and is not in a position to either assent or object to the

9  fees that counsel seeks. (Response, ECF No. 33 at 2.)

## ANALYSIS

### 1. Legal Standard

42 U.S.C. § 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a [social security] claimant, . . . the court may determine and allow as part of its judgment a reasonable fee" for the claimant's counsel, which can be no more than 25% of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand. *See*, *e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009) (en banc).

In considering a motion for attorney's fees under section 406(b), the court must review counsel's request "as an independent check" to ensure that the contingency fee agreement "yield[s] reasonable results." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. To evaluate the reasonableness of a fee request under section 406(b), the court should consider the character of the representation and the results achieved. *Id.*; *see also Crawford*, 586 F.3d at 1151. This includes analyzing whether substandard representation justifies awarding less than 25% in

ORDER (3:10-cv-04313-LB)  3

1  fees; any delay in the proceedings attributable to the attorney requesting the fee; whether the
2  benefits of the representation are out of proportion to time spent on the case; and the risk counsel
3  assumed by accepting the case. *See Crawford*, 586 F.3d at 1151-52 (citing *Gisbrecht*, 535 U.S. at
4  808).

5  The Court must offset an award of section 406(b) attorney's fees by any award of fees granted
6  under the EAJA. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 1218
7  (9th Cir. 2012).

**2. Application**

The court finds that the fee request is reasonable. The 25% contingency fee agreement between Ms. Cunningham and her counsel is within section 406(b)(1)(A)'s statutory ceiling. Counsel's work on Ms. Cunningham's case before this court was not substandard; in fact, counsel succeeded in having this matter remanded to the Social Security Administration, from whom Ms. Cunningham subsequently received three notices of awards and obtained, among other things, past-due benefits. Counsel also has not caused any delay in the proceedings. In addition, the time spent on work before this court—43 hours of attorney and paralegal time—is not out of proportion to the fee award. (Linden Decl., Ex. 5 and 6, ECF No. 28-5 and 28-6); *see Crawford*, 586 F.3d at 1145 (awarding $21,000 in fees where fees represented 19.5 attorney-hours and 4.5 paralegal-hours of work); *Wells v. Colvin*, No. 12-cv-05287-JST, 2015 WL 4072847, at *2 (N.D. Cal. July 2, 2015) (finding that 24 hours of attorney and paralegal time in a Social Security appeal was not out of proportion to a $6,908.40 fee award). Finally, Ms. Cunningham's application for benefits had been denied several times: the Commissioner denied her application both initially and upon reconsideration, the ALJ found that although Ms. Cunningham was disabled, she could still perform a significant number of jobs in light of her residual functional capacity. (*See* 10/3/2014 Order, ECF No. 23 at 1-2.) The Appeals Council also denied her request for review. (*See id.* at 2.) Counsel thus assumed a substantial risk of not recovering attorneys' fees at all. *See Zutis v. Colvin*, No. C 12-01897 WHA, 2015 WL 3766811, at *2 (N.D. Cal. June 16, 2015) ("The requested contingency fee reflects the substantial risk of loss Attorney Sackett assumed, as Zutis's application had already been denied in whole or in part at four levels of SSA review before he

ORDER (3:10-cv-04313-LB)   4

commenced this suit.").

In short, the court finds that counsel's request for $18,742.50 in attorney's fees is reasonable. Because Ms. Cunningham was previously awarded $6,750.00 in attorney's fees under EAJA and $350.00 in costs, and those fees were paid to Ms. Cunningham's counsel, (*see* Stipulation, ECF No. 26; 12/17/2014 Order, ECF No. 27; Linden Decl., Exh. 4, ECF No. 28-4), the attorney's fees awarded here must be offset by these amounts. *Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec.*, 698 F.3d 1215, 1218 (9th Cir. 2012). Accordingly, the court concludes that Ms. Cunningham's counsel is entitled to $11,642.50 in fees. *See Wells*, 2015 WL 4072847, at *2 (awarding the plaintiff's counsel $6,908.40 in fees, less $2,737.39 in fees under EAJA already he already received, for a total award of $4,171.01).

## CONCLUSION

For the reasons stated above, the court grants Ms. Cunningham's counsel's motion and awards $11,642.50 in attorney's fees pursuant to 42 U.S.C. § 406(b).

**IT IS SO ORDERED.**

Dated: November 3, 2015

_____
LAUREL BEELER
United States Magistrate Judge